original

# 23-7923

# UNITED STATES COURT OF APPEALS FOR THE

## Second circuit

Gerald Nelson,

Plaintiff-Appellant,

-v-

New York City Transit Authority Department, Department of Buses(East New York Depot), and Transportation Workers Union Local 100,

Defendants-Appellees,

On Appeal From The United States District Court For The Eastern District of New York

Brief of Appellant Gerald Nelson, Pro Se
293 Ralph Avenue, Brooklyn,New York
347-737-2217

TABLE OF CONTENTS

TABLE OF AUTHORITIES————————————————————————ii

JURISDICTIONAL STATEMENT———————————————————1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW———————2

STATEMENT OF THE CASE AND STATEMENT OF THE CASE—
———————————————————————————————3,4,5,6,7,8,9,10,11

SUMMARY OF THE ARGUMENT————————————————11,12,13,14

ARGUMENT——————————————————————————14 thru 23

    Point I   The District Court incorrectly dismissed Nelson's case in the order(standard of review denovo)(adopted report and recommendation.

    Point II   28 U.S.C. Section 1331 was applied unconstitutionally to Nelson. (Statue was unconstitutionally applied)(Standard of Review Clear Error)(question of Constitutionality of statute)

    Point III  District Court should not have denied 60 (b) motion. (Standard for review clear error)

CONCLUSION————————————————————————— 24

i

# TABLE OF AUTHORITIES

**CASES** **Pages**

Anderson v. Cryovac  862 F.2d 910 923 (1st Cir. 1988)----------------------22

Arbaugh v. Y & H . Corp. 546 U.S. 500 (2006)----------------------------------9

Audette v. Intl. Longshoremen and Warehouse Union , 195 F.3d 1107,1112 (9th Cir. 1999)-------------------------------------------------------------------20

Bulloch v. United States 763 F.2d 115,1121 (10 th Cir. 1985)----------------13

Cioce v. County of Westchester 128 Fed. APPX. 181, 185 (2d Cir. 1998)---21

Grable & Son Metal Prods, Inc. v. darve en 'g & Mfg. 545 U.S. 308,313-14 (2005)-----------------------------------------------------------------------------16

Green v Dept. of Educ. of City of New York  16 F4th 54 (2d Cir. 2021)-----19

Guns v. Minton 568 U.S. 251,258 (2013)-------------------------------------16

Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble

Mfg. Co. 864 F. 2d 927, 929 (1st Cir. 1998)-------------------------------------22

Rivas v. Bowling Green Assoc.L.P 13-cv-7812 (S.D.N.Y Jul. 24,2014)----22

Sales v. Clark, 14-cv-809, 2017, WL892609———-------------------------------- 19

Solomon v. St. Joseph Hos. 62 F.4th 54 (2d Cir. 2023)------------------10,15,20

ii

**Pages**

Tantaros v. Fox News Network llc. 12 F. 4th 135,141 (2d Cir. 2021)----16

United States v. BHD Teamster, 247 F. 3d 370 (2d Cir. 2001)-------------9

United States v. Boyland 862 F.3d 279,288-89 (2d Cir. 2017)-------------19

United states v.Le 902 F.3d 104,109 (2d Cir. 2018)---------------------------18

United States v. Marcus 560 U.S. 258,262 (2010)---------------------------19

Vaco v. Sipes, 386 U.S. 171, 194 (1967)-------------------------------------14

**STATUES AND REGULATIONS**

28 U.S.C. 1331----------------------------------------------------------passim

28 U.S.C. 1441------------------------------------------------------------1,14

28 U.S.C 1367 (a)------------------------------------------------------------4

Section 301 Labor Management Relation Act 29 U.S.C. Section-------2,3,20

Rule 12 (b)(6) Federal Rules of Civil Procedure-------------------------8,910

Rule 3(a) Federal Rules of Civil Procedure---------------------------------1

Rule 11 (b)(2)---------------------------------------------------------------22

Rule 12 (b)(1) Federal Rules of Civil Procedure -------------------------8,9,18

60 (b) Federal Rules of Civil Procedure------------------------------passim

**Other Authorities**

Model Rules of Professional Conduct 3.3 (a)(1)---------------------------------1

Model Rules of Professional Conduct 3.3 (a)(3)---------------------------------1

NY CoNT. Art. 1 Section 6--------------------------------------------------1

iii

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.    Whether the District Court erred in dismissing Nelson's case for failure to state a claim?

2.    Whether the District Court erred in denying Nelson's 60 (b) motion?

3.    Whether the District Court lacked Jurisdiction?

4.    Whether New York City Transit Authority  and Transportation Union local 100 were in default , due to the removal of Nelson case from State Court to Federal Court?

5.    Whether New York City Transit Authority and Transportation Union local 100 Lawyers, committed Fraud upon the Court ,by removing Nelson's case from State Court to Federal Court under  Section 301 of the Labor-Management Relation act , 29 U.C.S. Section 185?

6    Whether 28 U.S.C. section 1331 was applied to Nelson Unconstitutionally (question of constitutionality of a statue)?

## STATEMENT OF THE CASE AND STATEMENT OF THE FACTS

This appeal concerns an employee (" Nelson")that was made an improper probationary employee based on a No.1. stipulation extending probation, No. 2. fraudulent Removal, No. 3. Original jurisdiction, Unconstitutionality of a Statute 28 U.S. code 1331, No. 4. Subject matter jurisdiction, No.5. Federal Question jurisdiction, No. 6. Duty of fair representation No. 7. Fraud upon the Court 8. Section 301 of Labor Management Relation Act 29 U.S.C. section 185.

New York City Transit ("NYCTA") lawyers Neil H. Abramson, Rosanne Facchini, Erin P. Conroy (Proskauer Rose,LLP). This action commenced in Kings County Supreme Court August 25, 2022, DKT No. 1 , under 301 labor management , NYCTA then removed the case to District Court ("EDNY") under 29 U.S.C. 185 ,28 U.S.C. 1331, 1441.

The footnote(1) in the NYCTA notice of removal dated October 12, 2022, States "there are no state or common law claims alleged in the verified complaint . To the extent that the Verified Complaint is interpreted as raising state or common law claims such claims are related to plaintiff's

3 of 34

federal claim by subject matter, time period and/or alleged action and, therefore, this Court may exercise supplemental jurisdiction over these related state, state constitutional, and common law claims pursuant to 28 U.S.C. section 1367 (a)."

The Court held an initial conference on October 27, 2022 (DKT No. 17), Transcript DKT No. 33 . At the Conference

The Court stated " This is the initial conference in the plaintiff's action which was filed in Kings County Supreme Court and removed to this Court on October 12th. Plaintiff alleges that he was employed as a bus operator from February 28th, 2021 until he was discharged on August 18, 2022. Plaintiff alleges that his period of probationary employment was extended in a manner that violated his rights under the collective bargaining agreement, and the defendant filed a letter to Judge Kovner in this Court. We're paired, a magistrate judge with a district judge. I'm the magistrate judge,Judge Kovner is the district judge. They sent a letter to Judge Kovner requesting to move against the complaint, saying that the defendant is a political subdivision of

New York State therefore exempt from the definition of employer under the LMRA, which is the act that you're bringing the case under." ( see page 2,3 of minutes/transcript dated October 27,2022, held before Chief Magistrate Lois Bloom, DKT after No. 16) .

On page 23,24 of the minutes/ transcript MS. Facchini : States " So we would maintain the argument that the New York City Transit Authority is not subject to the LMRA, so that argument is already briefed. That would stay the same. That's independent of the union being named or not named. And the reason why , just for a little bit of background, that transit feels so strongly about maintaining that argument is because it is subject to a state law, a state labor relation law. And there is an action under state law that's somewhat similar to the action under federal law, and the state law prohibits has a different limitations on the employer than the federal law does, and New York City Transit wants to preserve as a point of law that it is subject to the state law and not the federal law on this issue.

On page 24 of the minutes/transcript ,The Court States " But if you're saying that you're not subject to the LMRA, here he would have a duty of fair representation claim. That's  a claim that would go forward against both the

city Transit and the"

page 24 of the minutes/transcript, MS FACCHINI: So the New York State Taylor Law codifies the union's duty of fair representation to an employee, so there is a statutory claim that he could bring against the union , and the employer would be a statutory party to that claim. That claim can either be brought at the New York State Public employment relation Board--that's an administrative agency that administers the Taylor law--an improper practice charge against the union. If he establishes the improper charge against the union, he can then proceed to a breach-of-contract claim against the employer, or there's concurrent jurisdiction over that statutory claim in the state court, or if this Court were to extend pendent jurisdiction over that claim. So you could bring that state law claim in lieu of the federal claim. So naming the union doesn't change our argument that we're not subject to the state claim.

Page 24 minutes/transcript MR: Nelson: states- "I understand".

Page 25 minutes/transcript The COURT: states- "Well, they removed it. But if you were to make it under the New York Taylor Law, which they say is analogous to the LMRA, then they wouldn't have removed it, that's what I'm hearing."

Page 25 minutes/transcript MS FACCHINI : states- "Correct".

The Stipulation was also mentioned at this initial conference (October 27,2022).

Page 16,17 minutes/transcript THE COURT: states- "of course if you hear from Mr. Drynan that he did not want to resolve this , I'm more than happy to try to give Mr. Nelson another chance. I know that these are hard cases because again, when you're probationary, they can fire you for any reason. Now, it seems to me--I don't want to get into a back and forth on the facts right now. But from reading the papers, it seemed to me at the first time that they extended your probation, they could have fired you at the time. I don't know if that's true but that's what the papers seem to say, that at that point in time for whatever happened, they could have fired you."

Page 17 minutes/transcript NELSON: states- "Right"

Page 17 minutes/transcript THE COURT: states-" But they agreed instead to extend your probationary period."

Page 17 minutes/transcript NELSON: states-" Yeah, but I was past the probationary term when they came to me, because the probationary term is one year. Then also, under the personnel bulletin rules of Transit, which

Transit goes by and they have the force of law, they had to come to me within a month before then, and they didn't come to me. They came to me on the the last day of my probation and then they held me out of work for like five days,and then they forced me to sign it , which was after the probation was over."

The Stipulation clearly states The parties agree that in lieu of termination, the probationary period for Gerald Nelson will be extended an additional six(6) months from April 25,2022 to October 25,2022.There is no back pay due and owing related to this matter.

Nelson probation was over on February 28, 2022.

Nelson Amended his complaint and added the Transportation Workers Union Local 100 (TWU).

On December 12,2022 Rosanne Facchini (NYCTA Lawyer) filed for an order pursuant to Federal Rules of Civil Procedure 12(b)(1)and 12(b)(6), dismissing Nelson's Amended complaint with Prejudice.DKT No. 25

On January 6, 2023 Steven C.Farkas (TWU Lawyer) filed motion to dismiss, lack of subject matter jurisdiction, pursuant toFederal Rules of Civil Procedure 12(b)(1) and12(b)(6), to dismiss Nelson's Amended Complaint

with prejudice.DKT No.26.

On August 7,2023 Chief Magistrate Judge Lois Bloom ("Judge Bloom") filed a Report and Recommendation upholding(granting) TWU and NYCTA motion to dismiss Nelson's duty of fair representation for failure to state a claim and denying TWU and NYCTA motion to dismiss for lack of subject matter jurisdiction.DKT No. 34.

Judge Bloom stated in the report and recommendation "Green, 16 F.4th at 1076 (quoting Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). In Green, the Second Circuit clarified that whether a plaintiff is an"employee"as defined by the NLRA…."Id. at 1076. If a plaintiff "cannot allege that he is an employee under the NLRA, his complaint fails to state a claim for a violation of the statute" and should be "dismissed pursuant Rule 12(b)(6)."Id at1075. Therefore, while this Court has Jurisdiction over plaintiff's amended complaint it should nevertheless be dismissed for failure to state a claim. (see page 8, report and recommendation Judge Bloom) DKT 34.   Nelson objected to the Report and Recommendation. DKT No. 35.

On September 29, 2023, Justice Rachel P. Kovner filed an Order Adopting Report and Recommendation of Judge Bloom. Nelson Objections were

overruled and the R&R was adopted in full. DKT No.39.

Judge Bloom" explained that the question whether an employee is covered by LMRA and NLRA is non-jurisdictional and that defendant's (TWU and NYCTA) motion to dismiss should therefore be granted under Rule 12(b)(6) rather than 12(b)(1) Id at 8. Judge Bloom further recommended that the plaintiff be denied leave to amend.(see page3, order adopting report and recommendation by Judge Rachel P. Kovener )("Judge Kovner").DKT No.35.

On October 7, 2023 , Nelson filed a 60 B (4) motion stating the removal was improper and the district court lacked jurisdiction to hear the case. Nelson cited Solomon v. St. Joseph Hos. 62 F.4th 54(2d Cir. 2023). DKT No. 41.

On November 1, 2023 EDNY court filed and entered Justice Rachel P. Kovner order . Justice Kovner states " Nelson maintains that the amended complaint states a claim under state law rather than federal and that the Court therefore lacked federal question jurisdiction, But the amended complaint cites only a federal statute and state law, finally, relief under Rule 60 (B) is

generally not favored and is properly granted upon a showing of exceptional circumstances United States v. BHD. Teamsters , 247 F.3d 370 (2d Cir. 2001),and Nelson has made no such showing here. Accordingly, Nelson's motion for relief from Judgement is denied. DKT No. 42 . TWU (Steve C. Farkas Lawyer) filed a memorandum/motion in opposition to Nelson's motion to vacate. (see DKT 37).

## SUMMARY OF ARGUMENT

The District Court incorrectly applied Original Jurisdiction pursuant to 28 U.S.C 1331 " it state "The district court shall have original jurisdiction of all civil actions arising under the Constitution,laws,or treaties of the United States".

Applicable precedent, establish that you cannot remove a case based on A defense. Nelson is not considered an employee under the LMRA because he worked for the NYCTA, which as a political subdivision of New York State, is not an employer under the act political subdivision within the meaning of the LMRA are entities that are either (1) created directly by the state , so as to constitute a department or administrative arm of the

government, or (2) administered by individuals who are responsible to public officials or to the general electorate ". This is what the report and recommendation stated based on the removal. The District Court applied 1331 to Nelson based on the notice of removal given to the judges from the NYCTA and TWU joining in on the removal. (see page 7 R&R).

The District Court was only concerned with the information in Nelson's complaint and never acknowledged if the removal was legal, based on the information in the notice of removal.

Applicable precedent established the order adopting the report and recommendation and the 60 (b) judgment was inapplicable and not in accordance with Second Circuit precedent.

Nelson is raising for the first time on this appeal Fraud upon the court. The 1331 federal statute is unconstitutional as applied to Nelson, the court lacked jurisdiction which was in Nelson 60 (b) motion. The District court lacked authority to make the order adopting the report and recommendation.

"The District Court incorrectly denied Nelson's 60 (b)motion. TWU and NYCTA (The lawyers for the defendants-Appellees) misled Judge Bloom

and Judge Kovner into establishing jurisdiction through fraud upon the court.

"The Model Rules of Professional Conduct state: Rule 3.3 (a)(1) " A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer".

The Model Rules of Professional Conduct state: 3.3 (a)(3) states: " offer evidence that lawyers know to be false . If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures , including,if necessary,disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant   in a criminal matter, that the lawyer reasonably believes is false."

Nelson had no state claims in his original complaint, or his amended complaint. The fraudulent removal misled Nelson and the District Court.    "

" Fraud on the court (other than fraud as to jurisdiction) is fraud which is directed to the judicial machinery and is not fraud between the parties or fraudulent documents, false statements or perjury." (Bulloch v. United States 763 F.2d 1115,1121 (10th Cir. 1985). Nelson filed his claim in State court .

State courts have concurrent jurisdiction. Nelson's case had merits , the stipulation was a breach of contract.Because Nelson was pass his probation. TWU refused to process a meritorious grievance. (See Vaco v Sipes 386 US 171,194. (1967).)

## ARGUMENT

## I.  THE DISTRICT COURT INCORRECTLY DISMISSED NELSON'S CASE  IN/ON THE FIRST ORDER. (Standard of review De Novo)

Nelson's entitlement to relief was violated by TWU and NYCTA  removing Nelson's state court proceedings to the district court under section 28 U.S.C. section 1441,1331 ("1331"). Some Court's call these types of removal fraudulent removals.  NYCTA and TWU stated throughout Nelson's case in District court after the case was removed. Nelson cannot state a LMRA claim pursuant to long standing precedent. NYCTA and TWU  told Judge Bloom and Judge Kovner, LMRA claims against a political subdivision of the state , may be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The case NYCTA and TWU used among others , was Green v. Dept of Educ. of the City of NY., 16 F. 4th 1070,1075 (2d Cir. 2021). After TWU and NYCTA told the District Court about the above case. The District

14 of 24

Court grabbed Jurisdiction and dismissed Nelson's case for failure to state a claim. The District Court Adopted the Magistrate report and recommendation.

Nelson filed a 60B motion explaining that when subject matter is lacking, the power to adjudicate the merits of the case does not exist. Lack of Article III standing constitutes a defect in subject matter jurisdiction. This was the same case NYCTA and TWU used to inform the District Court.( Green v. educ.) (see Nelson's Motion 60 B (4) Motion to vacate prior judgment and remand back to state. (DKT No 41, page 4 of 5)

In any event Nelson's 60 (B) motion and this brief states what the United States Second Circuit Court of Appeals of New York states in Zachary Solomon v. St. Joseph Hospital 62 F. 4th 54 (2 Cir. 2023): ( Legal Principles) "Under 28 U.S.C. section 1331, federal courts have subject- matter jurisdiction over "all civil action arising under the Constitution, laws, or treaties of the United States."Even where a claim finds its origins in state rather than federal law, arising under jurisdiction still lies in special and small category of cases in which the federal issue is : (1) necessarily raised, (2) actually disputed (3) substantially, and (4) capable of resolution in federal

court without disrupting the federal balance approved by congress Gunn v.

Minton, 568 U.S. 251,258,133 S.Ct. 1059,185 L.Ed.2d 72 (2013)(clean up).

Where all four of these requirements are met federal jurisdiction is proper

because there is a 'serious federal interest in claiming the advantages thought

to be inherent in a forum,' which can be vindicated without disrupting

Congress intended division of labor between state and federal courts.

(quoting Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg 545 U.S

308 , 313-14,125 S.CT. 2363, 162 L.ED. 2D 257 (2005).

  "(2. Application) Removal to federal court is not proper under federal

"arising under"  jurisdiction because Solomon's complaint does not

necessarily raise a federal issue."

  To determine whether an issue is "necessarily" raised we consider whether

"a right or immunity created by the Constitution or laws of the United States

is an element, and an essential one, of the plaintiff's cause of action" Tantaros

v. Fox News Network, LLC, 12 F.4th 135,141 (2d Cir. 2021) (cleaned). Here,

Solomon complaint raises claims under New York law

and does not, on its face, raise questions of federal law . Although

Defendants have sought to avail themselves of the immunity granted under

The PREP ACT, our "inquiry" must be unaided by anything alleged in

anticipation or avoidance of defenses which it is thought the defendant may

interpose.. even if the defense is the only question truly at issue in the case"

Id. at 141-42 (clean up). Defendant's argument thus fails at the first step."

The District Court totally ignored Nelson's 60 (B) motion and instead was

misled by TWU'S Lawyer Steve Farkas's Memorandum of Law In

opposition  to Nelson's motion to vacate. (DKT No. 42), Steve Farkas'

argument in his opposition states: "Federal district courts have original

jurisdiction of all civil actions under the Constitution ,laws, treaties of the

United States." 28 U.S.C. Section 1331. Generally, the presence or absence of

federal-question jurisdiction is governed by the 'by the well-pleaded

complaint rule,' which provides that federal -question jurisdiction is

governed  by the well-pleaded complaint rule,' provides that federal

jurisdiction exists only when a federal question is presented on the face of the

plaintiffs properly pleaded complaint." ( see Page 1 and 2 of TWU oppn.)

Again, TWU continue to mislead the District Judge. TWU Lawyer makes

it seem like Neson is competing with him about unresolved interpretations of

unresolved law.

But if you read TWU Lawyers' motion to dismiss dated January 6, 2023.
clearly the face of his motion states " for a order pursuant to Federal Rules of
Civil Procedure 12(b)(1) and, dismissing Plaintiff's Amended Complaint
with Prejudice and awarding such other and further relief as the Court may
deem just and proper.". ( see DKT No.6).

## II. 28 U.S.C section 1331 WAS APPLIED UNCONSTITUTIONALLY

## TO NELSON. (statute is unconstitutional applied)(standard of review

## clear error) (question of constitutionality of statute)

Nelson was deprived of being heard in state court by 1331 being applied
To him when the District Court lacked Jurisdiction. N.Y CoNST. Art. 1
section 6 : "No person shall be deprived of life ,liberty or property without
due process of law."

TWU and NYCTA have not fulfilled the statutory requirement of 1331.

In the United States v. Le, 902 F3d 104,109 (2d Cir. 2018), this Court
recognized that for plain error , Le must show (1) error that (2) is clear and
obvious under current Law, (3) affects his substantial rights, which generally

means affects the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Marcus, 560 U.S. 258,262,130 S.ct. 2159,176 L.Ed. 2d 1012 (2010) ;accord United States v. Boyland, 862 F.3d 279, 288-89 (2d Cir. 2017)."

The District was misinformed and should not have listened to TWU and NYCTA when it came to Jurisdition of this case 1331. TWU and NYCTA joined together to remove Nelson's case from the State court; those five areas quoted above were violated. In Sales v Clark ,14-CV-8091(PAC)(SN), 2017 ,WL 892609 , This a Amended report and recommendation that was not reported, in front of Magistrate Judge Sarah Netburn (copy of first page will be in appendix, this case is not reported), states: "This Amended Report and Recommendation Supersedes the report and Recommendation issued on February 2, 2017, which contained an erroneous statement of law regarding the exclusivity of the Board's Jurisdiction over New York state-law duty of fair representation claims." TWU Lawyer Steven Charles Farkas represented TWU in this case.NYCTA Lawyer Ms. Roseanne Facchini told Nelson the same story, TWU told Lavien Sales.( see page 24, of transcript). This is the type of misrepresentation misled the magistrate Judge and

the district Judge in Nelson's case in the lower court. (after DKT No. 16)

Nelson amended his complaint to add TWU, under 301 labor management , this claim according to this Court's precedents does not fall under 1331 Federal Question Jurisdiction. Nelson claims are not even based on the Collective Bargaining Agreement. They are based on the stipulation that was breached, this is how Nelson stayed a probationary employee. Nelson filed his grievance and used the collective bargaining contract based on the stipulation. Nelson demanded a trial in his amended complaint. Claims for a breach of a separate or independent agreement, where the position in question is covered by a collective bargaining agreement are preempted. see Audette v. IntL Longshoremen and Warehouse's Union, 195 F. 3d 1107, 1112(9th Cir. 1999). Nelson only pleaded 301 Labor Management and wrongful termination. These claims were not preempted and did not give the district court Original Jurisdiction. 1331 was applied to Nelson Unconstitutionally. (see also Solomon v. St. Joseph , 62 F4th 54 (2 Cir. 2023)

### III. DISTRICT COURT SHOULD NOT HAVE DENIED 60 b MOTION. (standard for review clear error )

" Generally, motions for reconsideration are not granted unless the moving party can point to a controlling decision or data that the court overlooked-matters in other words, that might reasonably be expected to alter the conclusions reached by the court" Cioce v. County of Westchester 128 Fed. Appx. 181,185 (2d Cir. 2010) (summary order). Nelson is not totally sure if it was the misleading of TWU and NYCTA. That is the reason the District Judge may have overlooked the case law Nelson used in the motion. Solomon v. St. Joseph was used in the 60 b motion . But the case was to no avail.

While broad , the trial court's discretion is not unlimited. The trial judge must consider the proper mix of factors and juxtapose them reasonably. "Abuse occurs when a material deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them."

"Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927,929 (1st Cir. 1988); see also Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)(to warrant reversal for abuse of discretion, it must "plainly appear[] that the court below committed a meanful error in Judgement").The Removal by TWU and NYCTA was the problem. Nelson was misled also, until my case was dismissed.

In fact TWU and NYCTA violated Rule 11 (b) (2). states : " the claims, defenses, and other legal contentions are warranted by existing law or by a non frivolous argument for extending, modifying, or reversing existing law or for establishing new law"

NYCTA clearly wrote on the Notice of Removal, page 4 footnote 1, There are no state or common law claims alleged in the Verified Complaint. But still Removed Nelson case and claimed lack of Subject matter Jurisdiction. see Rivas v. Bowling Green Assoc., L.P. 13-cv-7812 (PKC)(S.D.N.Y. Jul. 24,2014).DKT No. 1.

Jurisdictional bars-which may be raised by any party at any time during the proceedings and which are required to be raised by a court sua sponte-run

22 of 24

the risk of disrupting the orderly progress of litigation that procedural rules often seek to promote.

This material misrepresentation by (notice of removal) by TWU and NYCTA lawyers spanned from the time period of DKT No. , 1 10/12/2022 to DKT No. 42,  10/30/2023, and continued right thru to the 60 B order, 11/01/2023.

In plain words, TWU and NYCTA never stopped with thes made up stories.

For all reasons stated in this brief , the Court should reach the merits of Nelson's claim. NYCTA breached the stipulation contract and TWU breached its duty of fair representation by failing to grieve the improper extension of Nelson probation.Nelson's case was filed in State Court not Federal Court. The case should have never been removed.

## CONCLUSION

Nelson respectfully asked this court to reverse both judgment and orders entered on 09/29/23 and the 60( (b) order entered on 11/01/2023, by reinstating Nelson back to his job. Nelson was wrongfully terminated. and NYCTA/TWU never answered the complaint. And granting such other relief as this Court may deem just and proper.

Dated: Brooklyn,New York
February 19, 2024

GERALD NELSON

293 Ralph Avenue 2 FL.
Brooklyn,New York 11233
Tel:347-737-2217
RockyNelson234@gmail.com.

### Pro Se Certificate of Compliance with

### Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

☒     **Brief** contains _____ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
         **Brief** contains *24* pages. [30 page limit - FRAP 32(a)(7)(A)]

❑     **Reply Brief** contains _____ words. [7,000 word limit - LR 32.1(a) (4)(B)], or
         **Reply Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑     **Writ of Mandamus/Prohibition** contains _____ words. [7,800 word limit - FRAP 21(d)(1)], or
         **Writ of Mandamus/prohibition** contains _____ pages. [30 page limit - FRAP 21(d)(2)]

❑     **Motion** or **Response to the Motion** contains _____ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
         **Motion** or **Response to the Motion** contains _____ pages. [20 page limit - FRAP 27(d)(2)(B)]

❑     **Reply to the Motion** contains _____ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
         **Reply to the Motion** contains _____ pages. [10 page limit - FRAP 27(d)(2)(D)]

❑     **Petition for Panel or En Banc Hearing** contains _____ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
         **Petition for Panel or En Banc Hearing** contains _____ pages. [15 page limit - FRAP 35(b)(2)(B)]

❑     **Petition for Panel Rehearing** contains _____ words. [3,900 word limit - FRAP 40 (b)(1)], or
         **Petition for Panel Rehearing** contains _____ pages. [15 page limit - FRAP 40 (b)(2)]

February 2017

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Gerald Nelson

v.

New York City Transit Authority
Department OF Buses (East New
York Depot) Transportation Workers Union
Local 100

**CERTIFICATE OF SERVICE***

Docket Number: 23-7923

I, _Gerald Nelson_, hereby certify under penalty of perjury that
(print name)

on _February 19, 2024_, I served a copy of _____
(date)

_Brief of Appellant 1-24 Pages_
(list all documents)

by (select all applicable)**

___ Personal Delivery ✓ United States Mail ___ Federal Express or other
Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

Steven C. Farkas 100 Crossways Park Drive West Suite 200 Woodbury

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| ~~Neil Abramson Eleven Times Square~~ | | NY | NY | 11797 |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Neil Abramson Eleven Times Square | | NY | NY | 10036 |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| | | | | |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_February 19, 2024_
Today's Date

_[signature]_
Signature

Certificate of Service Form (Last Revised 12/2015)